**Elbert V. BROOKS, Petitioner,**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

No. 01–3068.

United States Court of Appeals, Federal Circuit.

June 7, 2001.

Before MICHEL and CLEVENGER, Circuit Judges, FRIEDMAN, Senior Circuit Judge.

PER CURIAM.

Elbert V. Brooks seeks review of the final decision of the Merit Systems Protection Board ("Board"), which denied Mr. Brooks's petition for enforcement of a settlement agreement that had resolved the matter of his possible removal from his job in the Social Security Administration ("agency"). *Brooks v. Social Security Admin.*, No. SE0752990220–C–1, 87 M.S.P.R. 527 (Oct. 17, 2000). We *affirm*.

## I

Mr. Brooks appealed his removal, for alleged misconduct, to the Board, but before his appeal was decided, he and the agency settled their dispute. Under the settlement, Mr. Brooks was allowed to resign for medical reasons, in lieu of removal. An Administrative Judge of the Board accepted the settlement agreement, finding that the parties understood its terms and freely reached it. Mr. Brooks appealed to the full Board, alleging that he had not entered the settlement agreement voluntarily, and that the agency had not lived up to the terms of the agreement. The full Board affirmed the decision that the agreement had been entered into freely and is binding on Mr. Brooks. *Brooks v. Social Security Admin.*, No. SE0752990220–I–1 (Dec. 17, 1999). Mr. Brooks did not appeal to this court from the decision that the agreement is lawful and binding. The Board informed Mr. Brooks that if he wanted to appeal the ruling that the agreement is binding, he must do so by filing a petition for review in this court within 60 days.

Because the Board understood Mr. Brooks to complain that the agency had not lived up to its share of the bargain in the settlement agreement, the Board remanded the case to the Administrative Judge as a petition to enforce the terms of the agreement. The Administrative Judge in due course held that the agency is in substantial compliance with the agreement.

Again, Mr. Brooks appealed to the full Board, which rejected his appeal as not meritorious, and again reminded him of the time for a petition for review to this court.

## II

Mr. Brooks timely petitioned this court for review. In his petition for review, however, Mr. Brooks does not argue that the Board erred in holding that the agency is now in substantial compliance with the settlement agreement. The question of compliance with the settlement agreement is the only issue that can be raised in Mr. Brooks's petition for review in this court, because that is the only issue involved in the current case. The question of whether the settlement agreement was entered into voluntarily, on Mr. Brooks's part, was the issue in Mr. Brooks's first appeal to the Board. The Board held in that case that the agreement had been entered into voluntarily, and thus is binding on the parties. The time for seeking review of the voluntariness issue ran 60 days from Mr. Brooks's receipt of the final order issued on December 17, 1999.

The only issue raised by Mr. Brooks in the petition for review now before us is the question of whether the settlement agreement should be set aside because of Mr. Brooks's allegation that he did not enter into it voluntarily. We cannot reach that issue, because Mr. Brooks did not timely raise that issue with a petition for review of the December 17, 1999, final Board decision. 5 U.S.C. § 7703(b)(1) (2000); *Monzo v. Dep't of Transp.*, 735 F.2d 1335 (Fed. Cir.1984). Because Mr. Brooks does not challenge the agency's compliance with the settlement agreement, the final decision of the Board denying the petition for enforcement must be affirmed.